RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant ROUTE APP, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LAUREN WOLF-BOND, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TA3, INC. and ROUTE APP, INC.,<br><br>Defendants. | Case No.: _____<br><br>**NOTICE OF REMOVAL OF A CIVIL ACTION ORIGINALLY FILED IN SUPERIOR COURT OF THE STATE OF CALIFORNIA, LOS ANGELES COUNTY**<br><br>State Court Case No.: 25STCV04719 |

Defendant Route App, Inc. ("Route App") submits the following Notice of Removal of a Civil Action to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## I.  PROCEDURAL BACKGROUND

1. On February 24, 2025, Plaintiff Lauren Wolf-Bond served Route App with a Class Action Complaint, which was filed on February 20, 2025, in the Superior Court of the State of California in the County of Los Angeles, under Case No. 25STCV04719 (the "State Court Action").  Copies of the Summons, Complaint, and other state court documents are attached as Exhibits A and B.

2. In the Complaint, Plaintiff seeks damages and injunctive relief individually based on allegations that Plaintiff did not know that Route App's Shipping Protection fee was optional and that the fee is at odds with representations that she would get free shipping.  Plaintiff asserts a breach of contract claim, and claims based on alleged violations of California Business & Professional Code §§ 17200, 17500 and California Civil Code § 1750 against Defendant TA3, Inc. ("TA3").  Plaintiff also asserts unjust enrichment claims against TA3 and Route App, and a tortious interference with contract claim against Route App.

3. Plaintiff purports to represent several classes of consumers, which she defines as "[a]ll consumers who within the applicable statute of limitations preceding the filing of this action to the date of class certification" paid a "Shipping Protection fee or other similar fee" for (1) a service provided by Route or (2) a purchase on TA3; or (3) "Texas subclasses" of categories (1) or (2).  A copy of the State Court complaint is attached as **Exhibit A**.  (Compl. ¶ 55).

4. Defendants timely file this Notice of Removal pursuant to 28 U.S.C. § 1446(b) within 30 days of being served with the Summons and Complaint and less than one year since the action commenced.

5. Plaintiff Lauren Wolf-Bond alleges that she is a citizen of Fort Worth, Texas. (Compl. ¶ 7).

6. Defendant Route is a Delaware corporation headquartered in Utah, and therefore is a citizen of Delaware and Utah. See 28 U.S.C. § 1332(c)(1). Declaration of Adam Kay ("Kay Decl.") ¶ 3; (Compl. ¶ 9).

7. Defendant TA3 is alleged to be headquartered in Los Angeles, California. (Compl. ¶ 8).

8. Pursuant to 28 U.S.C. § 1446(a), copies of the docket sheet and of each paper docketed in the State Court Action (excluding documents included in Exhibit A) are attached as **Exhibit B**.

## II. JURISDICTIONAL BASIS FOR REMOVAL CLASS ACTION FAIRNESS ACT, 28 U.S.C. 1332(D)

9. This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), which provides for federal jurisdiction over class actions in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).  These requirements are satisfied here.

### A. Class Action Status

10. This action meets the definition of a "class action" under CAFA because Plaintiff brings class allegations, *see* (Compl. ¶¶ 55-66), which is therefore pursuant to California Code of Civil Procedure § 382, a "State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

### B. Number of Proposed Class Members

11. CAFA requires that a putative class consists of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B).  This case satisfies this requirement, as Plaintiff alleges that the nationwide classes and Texas subclasses "consists of thousands of members

or more" who were injured by Defendants' actions at issue in the Complaint. (Compl. ¶ 60). Plaintiff seeks to pursue her claim against TA3 on behalf of "[a]ll consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, paid a Shipping Protection fee or other similar fee for a purchase on TA3." (*Id.* ¶ 55). Plaintiff seeks to pursue her claim against Route App on behalf of "[a]ll consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, paid a Shipping Protection fee or other similar fee for a service provided by Route." (*Id.*).

### C. Amount in Controversy

12. CAFA requires that the aggregate amount in controversy exceed $5,000,000. *See* 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). That threshold is met here.

13. As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. As the Ninth Circuit has noted, the amount in controversy is the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citation omitted). "'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (reversing district court's denial of CAFA removal in CLRA and false advertising case where plaintiff sought punitive damages).

14. Here, Plaintiff's definition of the proposed class and the relief sought satisfy the amount in controversy requirement.

15. During the period alleged, Route App has received more than $5,000,000 in revenue from consumers who paid a fee for a service that Route App

provided. Kay Decl. ¶ 4. The Complaint seeks "disgorgement of all" allegedly wrongfully obtained fees received by Route App. (Compl. ¶ 104). Moreover, in addition to costs and interest, Plaintiff's Prayer for Relief seeks punitive damages, attorneys' fees, restitution, compensatory damages, and injunctive relief. (*Id.* at 22).

16. Although Route App denies that Plaintiff is entitled to *any* relief, Plaintiff's combined actual and punitive damages claim, the cost of injunctive relief, and the claim for attorneys' fees combined exceeds the $5,000,000 threshold.

17. Moreover, Plaintiff alleges that the nationwide classes and Texas subclasses "consist[s] of thousands of members or more" who were injured by Defendants' actions at issue in the Complaint. (Compl. ¶ 60). This class size alone is enough to meet the amount in controversy requirements. *See Novak v. Boeing Co.*, No. 09-01011, 2009 WL 10676175, at *2 (C.D. Cal. Nov. 10, 2009) (holding that the amount of controversy requirement was met where the complaint alleged a class of greater than 1,000 people).

### D. Diversity of Citizenship

18. There is sufficient diversity of citizenship in this action to satisfy the minimal diversity requirements under CAFA. Under CAFA, federal diversity jurisdiction is available so long as one class member has citizenship diverse from one defendant. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2)(A)). Plaintiff is a citizen of Texas who seeks to represent no less than two nationwide classes and two "Texas subclasses." (Compl. ¶ 56). Defendant Route App is a citizen of Delaware and Utah. *See* 28 U.S.C. § 1332(d)(2)(C) (There is sufficient diversity where "any member of a class of plaintiffs is a citizen of a State and any defendant is . . . a citizen . . . of a foreign state."). At least half of the putative classes are comprised of "[a]ll consumers" with no regard to their state of citizenship, and the other half are limited to Texas, providing minimum diversity for CAFA purposes. (Compl. ¶ 55).

19. Defendant TA3 is alleged to be headquartered in Los Angeles, California, and consents to removal.

## III. NONE OF THE EXCEPTIONS TO CAFA THAT COULD PERMIT REMAND APPLY

20. CAFA contains three potential exceptions to federal jurisdiction that do not apply here. *See* 28 U.S.C. §§ 1332(d)(3)-(4). Plaintiff, not Route App, has the burden to prove these exceptions should she seek remand. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (concluding that the party seeking to remand bears the burden of proving an exception to CAFA jurisdiction).

21. Here, each of the three exceptions to CAFA is inapplicable for the same reason: the class definitions in the Complaint encompasses all 50 states (with a subset of classes focused solely on Texas), and it is therefore not possible to know what proportion of the classes are California citizens. To the contrary, on its face at least half of the alleged classes are, by definition, *not* citizens of California.

22. The Ninth Circuit, like many other appellate courts, holds that where, as here, a class is defined in a way that does not explicitly exclude citizens of other states, it is practically impossible for a court to conclude that any of the citizenship-based exceptions apply. *See Broadway Grill*, 856 F.3d at 1276 ("The district court correctly denied the motion to remand because the class, on its face, included many non-citizens of California, and [plaintiff] could not establish two-thirds were California citizens.").

23. Where the plaintiff has not sufficiently restricted citizenship to California through a carefully worded class definition, it is in practice impossible for a court to determine the citizenship composition of the putative class, even when the court orders discovery into the matter. This is because a court may not extrapolate or infer citizenship from last-known addresses and affidavits. *See, e.g., Hargett v. RevClaims, LLC*, 854 F.3d 962, 966 (8th Cir. 2017) (identifying only

5

NOTICE OF REMOVAL OF A CIVIL ACTION                                      Case No.:_____

"two ways to establish predominantly local citizenship: (1) sound evidence; and (2) defining the class as local citizens").

### A. The Discretionary Exception.

24.    Federal courts may decline CAFA jurisdiction in certain instances where greater than one-third, but less than two-thirds of the members of the proposed class are citizens of the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(3).  Here, there is no practical basis for concluding that more than one-third of the proposed classes are California citizens, because the proposed classes are either limited to Texas or are defined to encompass citizens of all 50 states.  There is thus no information in the Complaint could reasonably suggest that the exception under Section 1332(d)(3) of CAFA applies to this action.

### B. The Local Controversy Exception.

25.    Federal courts must decline CAFA jurisdiction where (I) greater than two-thirds of the class are citizens of the state in which the class action was originally filed; and (II) at least one defendant is a defendant (aa) from whom significant relief is sought by members of the plaintiff class, (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (cc) who is a citizen of the state in which the action was originally filed; and (III) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and (4) no other class action was filed in the three preceding years asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. § 1332(d)(4)(A). Here, requirement III of Section 1332(d)(4)(A) is not met, because, once again, the proposed classes are defined as either relating to Texas or citizens of all 50 states, and there is no practical basis for concluding that more than two-thirds of any of the proposed classes are California citizens.

**C.      The Home-State Controversy Exception.**

26.     Federal courts must decline CAFA jurisdiction where two-thirds or more of the members of the class and the primary defendants are citizens of the state where the class action was originally filed. 28 U.S.C. § 1332(d)(4)(B). Here, once again, the proposed classes are defined as either relating to Texas or citizens of all 50 states, and there is no practical basis for concluding that two-thirds or more of any of the proposed classes are California citizens.

**IV.     PROCEDURAL REQUIREMENTS FOR REMOVAL**

27.     Removal is timely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Route App was served with a Summons and Complaint on February 24, 2025. *See* Ex. A. This Notice of Removal is therefore timely filed.

28.     Removal to this Court is proper because it is "the district and division within which [the State Court Action] is pending," 28 U.S.C. § 1446(a).

29.     The other served Defendant in this action, TA3, consents to removal. 28 U.S.C. § 1446(b)(2).

30.     Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Route App in the State Court Action are attached hereto as Exhibits A and B.

31.     Promptly after the filing of this Notice of Removal, Route App will serve a copy on all counsel of record and file a copy with the Clerk of the Superior Court of California for the County of Los Angeles, in accordance with 28 U.S.C. § 1446(d). Route App is serving this Notice of Removal on Plaintiff's counsel of record, KalielGold PLLC, via electronic and U.S. mail addressed to its office located at 490 43rd, Suite 122, Oakland, California 94609. Route App is also filing a copy

of the Notice of Removal of a Civil Action in the Superior Court of California, County of Los Angeles.

32. This Notice of Removal is based on the allegations of the Complaint and the materials contained in Route App's removal papers. This Notice of Removal does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiff's claim, the ability to certify a class, or the existence of injury or damages.

33. WHEREFORE, Route App notifies this Court that this cause has been removed from the Superior Court of the County of Los Angeles to the United States District Court for the Central District of California, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: March 26, 2025            FENWICK & WEST LLP


                                 By: */s/ Rodger R. Cole*
                                     RODGER R. COLE
                                     Email: rcole@fenwick.com

                                     Attorneys for Defendant
                                     ROUTE APP, INC.